**In Re ESTATE of Isarel N. JONES, Deceased.**

**No. 117893.**

United States District Court
District of Columbia.

Oct. 26, 1966.

**952**

A. Slater Clarke, Washington, D. C., for petitioner.

## MEMORANDUM

HOLTZOFF, District Judge.

The District of Columbia law governing the distribution of decedents' estates, contains the following provision in D.C. Code § 19–101(a):

> "Upon the death of a person leaving a surviving spouse, the spouse is entitled to an allowance out of the personal estate of the decedent of the sum of $500 for the personal use of himself and of minor children."

In this case the surviving spouse died subsequently to the deceased wife, leaving no heirs at law or next of kin. He had not received the $500 allowance provided by the foregoing statute before his death.

The question arises what disposition should be made of the allowance of $500 to which the surviving spouse is entitled, if the surviving spouse dies before receiving it. The problem is whether it should be lost or become a part of the estate of the deceased surviving spouse. This question does not appear to have been passed upon by the courts.

The manifest intention of the provision was to supply the surviving spouse with some necessary money before there can be any distribution or payment out of the estate. If the surviving spouse dies before the allowance is paid, its purpose is defeated. No object is served by permitting it to go to the next of kin of the surviving sponse.

The injustice of a holding that the right to the allowance becomes a vested right and, therefore, a part of the estate of the surviving spouse is demonstrated in this case. Were this the rule, the $500 allowance would probably be eventually deposited in the registry of the Probate Division of this Court to the credit of unknown heirs or next of kin of the deceased surviving spouse. On the other hand, the first deceased left a number of next of kin.

This Court reaches the conclusion that the foregoing provision of the statute should be construed as providing for an allowance for the personal use of the surviving spouse, and that if the surviving spouse dies before receiving the allowance, the right to its payment is lost and the money becomes part of the estate of the first deceased.